| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

GINGER MCGUIRE, Individually and
On Behalf of All Others Similarly Situated, §
§
*Plaintiff(s)*, §
§
v. §
§   No. _____
§
THE G&L FAMILY OF CAREGIVERS, §
LLC. D/B/A SURECARE AT HOME, §
NANCY LARKIN AND STEWART §
BRUCE GRATLAND §
§
*Defendant(s)*.

## PLAINTIFF GINGER MCGUIRE'S ORIGINAL COMPLAINT

Plaintiff Ginger McGuire (referred to as "McGuire") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and/or former employees of Defendants The G&L Family of Caregivers LLC. d/b/a SureCare at Home ("G&L"), Nancy Larkin ("Larkin"), and Stewart Bruce Gratland ("Gratland") (referred to as "Defendants") who were paid on an hourly and/or day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. McGuire's claims arise under the FLSA.

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers ..." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     Defendants violated the FLSA by employing McGuire and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.     McGuire brings this action under 29 U.S.C § 216(b) individually and on behalf of all current and former employees of Defendants who were paid on an hourly and/or a day-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7.     This action arises under a federal statute, the FLSA 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because Defendants resides in this district and division and/or a substantial part of the events or omissions giving rise to McGuire's claim occurred in this district and division. 28 U.S.C. § 1391(b)(1).

### III. Parties

9.McGuire is an individual who resides in Montgomery County, Texas and who was employed by Defendants during the last three years.

10.Defendant G&L is a Domestic Limited Liability Company that may be served with process by serving its registered agent:

>Corporation Service Company
>211 E. 7th Street, Suite 620
>Austin, TX 78701

Alternatively, if the registered agent of G&L cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.Defendant Nancy Larkin is an individual and may be served with process at:

>2 Night Rain Court
>Spring, Texas 77381

Alternatively, Nancy Larkin may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code § 17.021 by serving an agent or clerk employed at her office or place of business because this action grows out of or is connected with the business she transacts in this state.

12.Defendant Stewart Bruce Gratland is an individual and may be served with process at:

>8122 Burchglen Lane
>Houston, Texas 77070

Alternatively, Stewart Bruce Gratland may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

13. An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

14. G&L provides home health care and nurse care management. See generally, The G&L Family of Caregivers LLC. d/b/a SureCare at Home, https://surecareathome.com/ (last visited Jan. 11, 2022)

15. G&L does business in the territorial jurisdiction of this Court.

16. Defendants employed McGuire from approximately May 2020 to July 2021

17. Defendants employed McGuire as a caregiver.

18. As a caregiver, McGuire provided in-home senior care.

19. Larkin is the vice-president of G&L and was also McGuire's employer.

20. Gratland is the president of G&L and was also McGuire's employer.

21. Larkin and Gratland are responsible for G&L's pay practices and exercises substantial control over G&L's finances and operations. Accordingly, Larkin and Gratland are individually liable for G&L's illegal pay practices alleged herein.

22. Larkin and Gratland implemented G&L's pay practices and retain control over those practices. Among other things, Larkin and Gratland had authority to set rates and methods of paying G&L employees, including McGuire.

23. As the vice-present and president, Larkin and Gratland had authority over G&L's personnel decisions such as the hiring and firing of G&L employees, as well as determining employee work schedules.

24. During McGuire's employment with Defendants, she was engaged in commerce or in the production of goods for commerce.

25. During McGuire's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

26. During McGuire's employment with Defendants, the company had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others.

27. During McGuire's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

28. Defendants paid McGuire on an hourly and/or day-rate basis.

29. Defendants paid McGuire on a weekly basis by check or direct deposit.

30. During McGuire's employment with Defendants, she regularly worked in excess of forty hours per week.

31. Defendants knew or should have known that McGuire worked in excess of forty hours per week.

32. Defendants did not pay McGuire for all hours worked including hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C § 207(a)(1).

33. Instead, Defendants paid McGuire on an hourly and day-rate basis without overtime.

34. Additionally, Defendants did not pay McGuire the entirety of all her hours worked and to count that towards its statutory overtime obligations under 29 U.S.C. § 207.

35. As a caregiver, McGuire's primary duties were nonexempt.

36. As a caregiver, McGuire's primary duties did not include office or nonmanual work.

37. As a caregiver, McGuire's primary duties were not directly related to the management or general business operations of G&L or its customers.

38. As a caregiver, McGuire's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

39. As a caregiver, McGuire did not, in performing her primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

40. As a caregiver, Defendants were instead, required to follow G&L's policies, practices, and procedures.

41. As a caregiver, McGuire did not have any independent authority to deviate from Defendant's policies, practices, and procedures.

42. Defendants knew or should have known that McGuire was not exempt from the overtime provision of the FLSA.

43. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

44. During McGuire's employment with Defendants, the company did not maintain accurate time and pay records for McGuire as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

45. During McGuire's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

46. Defendants continued the pay practice(s) complained of by McGuire without investigation after being put on notice that the pay practice(s) violated the FLSA.

47. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

48. Prior to this lawsuit, Defendants conducted one or more internal investigations which revealed violations similar to the one(s) complained of by McGuire.

49. Because Defendants willfully violated the FLSA, the company is liable to McGuire for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

50. As a result of the FLSA violation(s) described above, Defendants are liable to McGuire for unpaid overtime wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

51. All hourly and/or day-rate workers employed with Defendants during the last three years are similarly situated to McGuire because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

52. McGuire adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. During McGuire's employment with Defendants, she was a nonexempt employee.

54. As a nonexempt employee, Defendants were legally obligated to pay McGuire "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours she worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

55. Defendants did not pay McGuire the entirety of all her hours worked, including overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

56. Instead, Defendants paid McGuire on an hourly and/or day-rate basis without overtime and did not include all hours worked during her shift.

57. If Defendants classified McGuire as exempt from the maximum hour requirements of the FLSA, she was misclassified.

58. As a result of the FLSA violation(s) described above, Defendants are liable to McGuire for back wages equal to the difference between what it should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

59. McGuire adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

60. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

61. Defendants failed to maintain accurate time and pay records.

62. Because Defendants willfully violated the FLSA, the company is liable to McGuire for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C § 216(b)

63. McGuire adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

64. On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

65. These employees are similarly situated to McGuire because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

66. Defendants' unlawful policies and practices, which are described above, are generally applicable policies or practices that do not depend on the personal circumstances of the putative class members.

67. Since McGuire's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C § 216(b).

68. For these reasons, McGuire requests that the Court certify this case as a collective action under 29 U.S.C § 216(b) and authorize notice regarding its pendency and right to join it to the following class:

> All workers employed at G&L during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on an hourly and/or day-rate basis.

69. Defendants are liable to McGuire and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

70. McGuire has retained counsel who are well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on her behalf and on behalf of all other putative class members.

## IX.  Count Four—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

71. McGuire adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

72. McGuire is authorized to recover liquidated damages on her claims by statute. 29 U.S.C. § 216(b).

73. McGuire is authorized to recover attorney's fees and costs on her claims by statute. 29 U.S.C. § 216(b).

74. McGuire has retained the professional services of the undersigned attorneys.

75. McGuire has complied with the conditions precedent to recovering attorney's fees and costs.

76. McGuire has incurred or may incur attorney's fees and costs in bringing this lawsuit.

77. The attorney's fees and costs incurred or that may be incurred by McGuire were or are reasonable and necessary.

78. Defendants are liable to McGuire for liquidated damages, attorney's fees, and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## XI. Relief Sought

79. McGuire demands the following relief:

　　a. An order allowing this action to proceed as a collective action under 29 U.S.C, § 216(b);

　　b. an incentive award for McGuire for serving as class representative if the Court allow this action to proceed as a collective action under 29 U.S.C § 216(b);

　　c. judgment against Defendants in McGuire's favor both individually and on behalf of the putative class members for back wages, liquidated damages, and attorney's fees, plus interest and costs; and

　　d. all other relief and sums that may be adjudged against Defendants in McGuire's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
melissa@mooreandassociates.net
Curt Hesse
State Bar. No. 24065414
Federal Id. No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Aimara Flores
State Bar No. 24114893
Federal Id. No. 3685633
aimara@mooreandassociates.net